IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STEVEN DRAKE,[1] | § |
| | § No. 461, 2016 |
| Petitioner/Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CK15-02171 |
| CATHERINE J. ORLANDO, | § Petition Nos. 15-24079, |
| | § 15-25848 and 16-06581 |
| Respondent/Petitioner Below, | § |
| Appellee. | § |

Submitted: February 24, 2017
Decided: April 19, 2017

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## O R D E R

This 19th day of April 2017, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Steven Drake ("the Father"), filed this appeal from a Family Court order dated August 23, 2016. The Family Court order granted the parties' joint custody of their two minor children, granted the appellee, Catherine J. Orlando ("the Mother"), primary placement of the children with the Father having visitation rights, and granted the Mother's petition for permission to relocate to Arizona. We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) The parties are the parents of two minor sons. They are also the parents of an older son. On August 7, 2015, the Mother filed a petition for custody seeking primary placement of the minor sons. On August 19, 2015, the Father filed a petition for custody. The parties were subject to cross orders of protection from abuse ("PFA") based upon petitions they had filed against each other.

(3) In an interim consent custody order entered on December 29, 2015, the parties agreed to joint legal custody of the minor children with shared placement. On January 22, 2016, the Mother filed a petition for permission to relocate outside of Delaware so she could find employment as a pharmacist. The Family Court denied the petition and held relocation would be addressed at the custody hearing. In March 2016, the Mother filed a petition for a rule to show cause alleging the Father was in violation of the December 29, 2015 interim custody order.

(4) The Family Court held hearings on the cross petitions for custody and the Mother's petition for a rule to show cause on April 15, 2016 and May 27, 2016. The Family Court heard testimony from the parties, the minor children, the parties' older son, and several of the minor sons' teachers. In an order dated August 23, 2016, the Family Court granted the parties' joint custody of their two minor children, granted the Mother primary placement of the children with the Father

2

having visitation rights, and granted the Mother permission to relocate to Arizona so she could obtain employment as a pharmacist there. This appeal followed.

(5) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4] We will not substitute our opinion for the inferences and deductions of the trial judge if those inferences are supported by the record.[5]

(6) Under Delaware law, the Family Court must determine legal custody and residential arrangements for a child in accordance with the best interests of the child. The criteria for determining the best interests of a child are set forth in 13 *Del. C.* § 722. The best interest factors include: (i) the wishes of the parents regarding the child's custody and residential arrangements; (ii) the wishes of the child regarding her custodians and residential arrangements; (iii) the interaction and interrelationship of the child with her parents, grandparents, siblings, persons cohabitating in the relationship of husband and wife with a parent of the child, and any other residents of the household or persons who may significantly affect the child's best interests; (iv) the child's adjustment to her home, school, and community; (v) the mental and physical health of all individuals involved; (vi) past

---

[2] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*
[5] *Wife (J.F.V.) v. Husband (O.W.V., Jr.)*, 402 A.2d 1202, 1204 (Del. 1979).

3

and present compliance by both parents with their rights and responsibilities to the child under 13 *Del. C.* § 701; (vii) evidence of domestic violence; and (viii) the criminal history of any party or any resident of the household.[6]

(7) On appeal, the Father argues that the Family Court failed to consider a July 2015 police report describing a physical altercation between the Mother and the Father, the Mother's past abuse of the Father and the minor sons, the Mother's use of drugs and treatment of the minor sons with medicine not prescribed by a doctor, and the Mother's termination from pharmacist jobs in Delaware. The August 23, 2015 order reflects that the Family Court did consider the parties' differing accounts of the July 2015 incident, as well as the *nolle prosequi* of the subsequent charges against the Mother, the Father's claims of abuse and treatment with non-prescribed drugs by the Mother, and the parties' differing accounts of the Mother's inability to find pharmacist work in Delaware. The Mother argues that the Father's failure to provide a transcript of the custody hearing prevents this Court from reviewing the factual findings of the Family Court.

(8) Although the Father had the burden of supplying a transcript of the custody hearing,[7] he chose not to obtain one after the Family Court denied his motion to waive the transcript fee. A civil litigant does not have an absolute right

---

[6] 13 *Del. C.* § 722.
[7] Supr. Ct. R. 9(e)(ii); Supr. Ct. R. 14(e); *Trioche v. State*, 525 A.2d 151, 154 (Del. 1987).

4

to obtain a copy of a transcript at State expense.[8] Even an appellant who is permitted to proceed *in forma pauperis* on appeal is required to make his own financial arrangements to obtain the necessary transcripts.[9] In the absence of a transcript of the custody hearing, this Court lacks an adequate basis for evaluating the Father's claims that the Family Court failed to consider certain evidence.[10]

(9) After a careful review of the parties' briefs and the record, we find no error or abuse of discretion in the Family Court's ruling. The Family Court correctly applied the law and considered the best interest factors under 13 *Del. C.* § 722. We therefore affirm the Family Court's decision that it was in the minor sons' best interests for the parents to have joint legal custody with the Mother having primary placement of the minor sons in Arizona.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

_____
Justice

---

[8] *Mahan v. Mahan*, 2007 WL 1850905, at *1 (Del. June 28, 2007).
[9] *Id.*
[10] *See, e.g., Burton v. Burton*, 2005 WL 1950214, at *1 (Del. July 19, 2005) (holding the father's failure to provide transcripts of Family Court hearing precluded appellate review of his claim that the Family Court erred in awarding sole custody of the child to the mother).

5